# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br>   vs.<br>DORIAN SHAREEF FOWLER,<br><br>                      Defendant. | CASE NO. 11cr4522-LAB-1 and 16cv2831-LAB<br><br>**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255** |

Defendant Dorian Shareef Fowler was convicted at trial of one count of importing cocaine. He took a direct appeal, which was denied on October 18, 2013, and the Ninth Circuit's mandate issued on November 13, 2013. He did not file a petition for writ of *certiorari*. Judgment therefore became final 90 days after October 18, 2013, on January 16, 2014. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987); *United States v. Garcia*, 210 F.3d 1058, 1061 and n.6 (9th Cir. 2000).

On April 7, 2015, Fowler filed a *pro se* motion under 18 U.S.C. § 3582(c) for reduction of his sentence. The Court denied his claims on November 4, 2016.[1] Then on November 17, 2016, he filed a motion under 28 U.S.C. § 2255. On December 1, 2016, Fowler appealed the denial of his § 3582(c) motion. The Ninth Circuit affirmed the Court's denial of Fowler's § 3582(c) motion and the mandate was spread on January 9, 2018.

---

[1] The Court summarily denied his motion without prejudice under General Order 642. Fowler's claims were then refiled by counsel. The Court then denied the renewed claims.

The Court now turns to Fowler's pending § 2255 motion. Under § 2255(f), claims are subject to a one-year limitations period. Here, that period began to run on the date Fowler's conviction became final, *i.e.*, on January 16, 2014. The one-year limitations period expired a year later. But he did not file his 2255 motion until another year and ten months had elapsed. Unless he is entitled to tolling for some reason, his claims are therefore time-barred.

Fowler's filing of his § 3582(c) motion did not prevent his judgment from becoming final so as to delay the onset of the one-year limitations period. *See United States v. Schwartz*, 274 F.3d 1220, 1223–24 (9th Cir. 2001) (citing 18 U.S.C. § 3582(b)) (holding that neither a Fed. R. Crim. P. 35 motion nor a § 3582(c) motion prevents a conviction from becoming final for § 2255 purposes). Nor did the pendency of his § 3582(c) motion toll the limitations period. *See id.* at 1224 (holding that petitioner was not entitled to tolling of § 2255's limitations period).

Furthermore, Fowler cannot establish that he was pursuing his rights diligently but that some extraordinary circumstance prevented him from filing a timely § 2255 motion. *See United States v. Castro-Verdugo*, 750 F.3d 1065, 1071 (9th Cir. 2014). The fact that he was able to file of his own *pro se* § 3582(c) motion on April 7, 2015 makes this clear. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (rejecting petitioner's claim that he was unable to prepare and file a habeas petition, because the record showed he could and did file other substantial motions during the same time period).

Because the claims Fowler raises in his § 2255 motion are all time-barred by nearly two years, his motion is **DENIED**.

Even assuming Fowler's claims were not time-barred, they would be denied for other reasons. Except for his claims of ineffective assistance of counsel (which lack merit),[2] all of his claims could have been raised on direct appeal, and are therefore defaulted. *See*

---

[2] Fowler's motion identifies numerous "errors" that in fact were either not errors at all, were beyond his counsel's control, were not reasonably likely to have prejudiced him, or amounted to mere differences of opinion about trial strategy. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

*Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 621 (1998). By way of excusing his default, Fowler claims his counsel failed to consult with him about what claims to raise on appeal. But, as the Supreme Court has recently reiterated, "appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed." *Davila v. Davis*, 137 S.Ct. 2058, 2067 (2017). The arguments Fowler points to are not more meritorious than the ones he actually raised on direct appeal. The fact that he disagrees with his counsel's reasonable decisions about which issues to raise on appeal does not excuse the default. *See Reed v. Ross*, 468 U.S. 1, 13 (1984) ("[A]bsent exceptional circumstances, a defendant is bound by the tactical decisions of competent counsel."); *Jones v. Barnes*, 463 U.S. 745, 754 (1983) (appellate counsel has no duty to raise every colorable claim a defendant suggests).

**IT IS SO ORDERED**.

DATED: January 18, 2018

**HONORABLE LARRY ALAN BURNS**
United States District Judge